**THE GALVESTON COUNTY FAIR & RODEO, INC., Petitioner,**

v.

**Tom GLOVER, Jr. and Sandra Glover, individually and as next friend of Eric Glover, Respondents.**

No. 94–0836.

Supreme Court of Texas.

Oct. 18, 1996.

Rehearing Denied Feb. 21, 1997.

Kenneth C. Kaye, League City, for Petitioner.

Thomas B. Greene, III, Houston, for Respondents.

PER CURIAM.

The Galveston County Fair & Rodeo, Inc. disqualified Eric Glover's steer from competi-

tion in the 1992 fair on the grounds that the steer had been unethically fitted in violation of the Fair's rules. Specifically, the Fair believed that Eric's steer had been injected with air to make it look larger and smoother. Eric and his parents sued the Fair alleging, among other things, that the Fair misapplied its own rules in disqualifying Eric's steer and thus breached its contract with the Glovers.

Question 1 to the jury asked: "Did the Galveston County Fair & Rodeo wrongfully disqualify Eric Glover's steer from the 1992 Galveston County Fair & Rodeo?" The Fair made the following objection to Question 1:

> Defendant respectfully objects to the submission of proposed Question No. 1. First, it does not indicate to the jury what it is that the Galveston County Fair may have done wrongfully to disqualify the steer. It therefore allows the jury to speculate as to all sorts of things, whether there is evidence or not. The Court should specifically indicate that a disqualification would not be wrongful if [a] the steer were unethically fitted or [b] the judge determined that he was unethically fitted or [c] a vet determined if he was unethically fitted. In that connection, your honor, we submit proposed Questions A, B, and C to the Court; that these issues are the proper ones, and not Question No. 1.

The Fair then tendered in writing the three questions, one accompanied by an instruction, which were as follows:

### Question A

Do you find from a preponderance of the evidence that the steer shown by Eric Glover at the 1992 Galveston Fair was unethically fitted?

You are instructed that a steer is unethically fitted if any method was used to alter the natural conformation of any part of the steer's body.

### Question B

Do you find from a preponderance of the evidence that, in the opinion of the steer judge, Charlie Phillip, the steer shown by Eric Glover at the 1992 Galveston County Fair showed sights [sic] of having been operated upon or tampered with for the purpose of concealing faults in conformation or with the intent to deceive relative to the animal's soundness?

### Question C

Do you find from a preponderance of the evidence that a veterinarian concluded that the steer shown by Eric Glover at the 1992 Galveston County Fair had been unethically fitted?

The effect of the tendered questions and instruction was to confine the jury's consideration to the three specific factors mentioned by the Fair in its objection, which were derived from the Fair's rules.

The trial court overruled the Fair's objection to Question 1 and refused to submit the questions and instruction tendered by the Fair. On various findings favorable to the Glovers, the court rendered judgment against the Fair. The court of appeals affirmed. 880 S.W.2d 112.

■ The court of appeals held that the trial court did not abuse its discretion in refusing to submit the questions and instruction requested by the Fair. *Id.* at 117. While the trial court had the discretion to submit questions separately as the Fair requested, or to submit an instruction in connection with Question 1 limiting the jury's consideration of that single broad issue, it did not have discretion to refuse to make any correction. As we said in *State Department of Highways and Public Transportation v. Payne,* 838 S.W.2d 235, 239–40 (Tex.1992):

> The issue is not whether the trial court should have asked the jury the specific question requested ...; rather, the issue is whether the ... request called the trial court's attention to the ... complaint ... sufficiently to preserve that complaint for appeal.

Here, the Fair's objection and requests left no room for misunderstanding of its complaints. The Fair correctly contended that the jury should not have been permitted to consider wrongful disqualification apart from the Fair's rules.

The court of appeals also held that the Fair "did not separately request in writing

any definitions or instructions on" "what constitutes wrongful disqualification" as required by Rule 273 of the Texas Rules of Civil Procedure. 880 S.W.2d at 117. We disagree. The Fair's written request was separate from its oral objection. This request fully complied with Rule 273.

■ Thus, the trial court erred in its submission of Question 1. However, that error was not harmful. A separate question, submitted without objection by the Fair, inquired whether the Fair failed to comply with its contract with Eric. The jury's affirmative answer was sufficient to support the judgment for breach of contract. The Fair contends that there was no evidence to support a finding of breach of contract. While this is a close question, the evidence reviewed by the court of appeals is legally sufficient to support the judgment.

Accordingly, the Fair's application for writ of error is denied.